**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-44 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00092-RRB-1 |
| v. | |
| STUART T. SEUGASALA, AKA Tone, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-4235 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00092-RRB |
| v. | |
| STUART T. SEUGASALA, AKA Tone, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted April 17, 2026[**]
Portland, Oregon

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: OWENS, VANDYKE, and SUNG, Circuit Judges.

Defendant Stuart Seugasala appeals the district court's denial of his motion for relief from judgment under Federal Rule of Civil Procedure 60(b). His Rule 60(b) motion asked the district court to vacate its prior order partially denying his 28 U.S.C. § 2255 motion to vacate his convictions for drug trafficking, kidnapping, and firearms offenses. On appeal, Defendant argues that the district court judge, Judge Ralph Beistline, abused his discretion when he declined to recuse himself from Defendant's trial, resentencing, and habeas proceedings based on Judge Beistline's undisclosed personal relationship with a witness in the case. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

We review a district court's grant of relief from judgment under Federal Rule of Civil Procedure Rule 60(b) for abuse of discretion. *Hall v. Haws*, 861 F.3d 977, 984 (9th Cir. 2017). We also review a judge's decision not to recuse himself for abuse of discretion. *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012).

1. Defendant argues that the district court violated Federal Rule of Civil Procedure 62.1(a) when it denied his Rule 60(b) motion on jurisdictional grounds and subsequently issued an indicative ruling explaining that it would deny the motion on the merits once it regained jurisdiction. *See* Fed. R. Civ. P. 62.1(a) (If a party files a motion "that the court lacks authority to grant because of an appeal

2    24-44

that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion [on its merits]; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."). Assuming Defendant is correct that the district court committed procedural error, that error was harmless. Indeed, Defendant argues that "practically speaking, the court's [denial on jurisdictional grounds and indicative ruling] operated as a deferral." Rule 62.1(a)(1) expressly authorizes a district court to defer consideration of a motion. *See* Fed. R. Civ. P. 62.1(a)(1). An effective deferral therefore could not have prejudiced Defendant. Thus, any procedural error the district court committed was harmless and does not justify vacating the district court's order denying the Rule 60(b) motion.

2. To determine whether Judge Beistline had a duty to recuse himself under 28 U.S.C. § 455(a), we evaluate "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (citation omitted). Conducting "an independent examination of the unique facts and circumstances" present here, *id.* (citation omitted), Judge Beistline properly exercised his discretion when he held that a reasonable person would conclude that his minimal contacts with the witness would not jeopardize his impartiality. He

therefore did not abuse his discretion when he declined to recuse himself from Defendant's criminal proceedings.

Because there was no failure to recuse, Judge Beistline did not abuse his discretion when he determined that the witness's declaration was not newly discovered evidence that could have changed the outcome of the case. *See* Fed. R. Civ. P. 60(b)(2); *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (noting that relief under Rule 60(b)(2) is warranted if a movant presents newly discovered evidence that is "of such magnitude that production of it earlier would have been likely to change the disposition of the case.") (citation omitted). Nor did Judge Beistline abuse his discretion when he determined that the witness's declaration did not create "extraordinary circumstances" justifying relief from judgment under Rule 60(b)(6). *See Martinez v. Shinn*, 33 F.4th 1254, 1262 (9th Cir. 2022) ("A movant seeking relief under Rule 60(b)(6) is required to show 'extraordinary circumstances' justifying the reopening of a final judgment.") (quotation omitted).

**AFFIRMED.**